# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL L. SIMMONS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 11-407-GPM ) |
| PEGASUS BIOLOGICS, INC., and SYNOVIS ORTHOPEDIC AND WOUNDCARE, INC., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). Plaintiff Carl L. Simmons filed his complaint on May 13, 2011 alleging that Defendant Pegasus Biologics Inc., and Defendant Synovis Orthopedic and Woundcare, Inc., as successor-in-interest to Pegasus Biologics Inc., designed, manufactured, fabricated, supplied, and sold a defective and unreasonably dangerous orthadapt bioimplant which, when inserted into Plaintiff during a surgical procedure, caused Plaintiff over $75,000 in injury. Plaintiff asserts federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Having reviewed the allegations of Plaintiff's complaint, the Court discerns certain flaws in the pleading with respect to federal jurisdiction in

diversity. These defects require Plaintiff to re-plead his complaint

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc*., 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983). "Section 1332 of Title 28 states that a corporation 'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.' The state of incorporation and the principal place of business must be alleged in the complaint." *McMillian v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 845 n.10 (7th Cir. 2009), *quoting* 28 U.S.C. § 1332(c)(1).

Here, Plaintiff alleges that Defendant Pegasus Biologics, Inc. ("Pegasus"), was incorporated in California and was "headquartered" in California. Alleging the location of corporate headquarters is sufficient for the purposes of alleging the "principal place of business." *See Illinois Bell Telephone Co., Inc. v. Global NAPs Illinois, Inc.,* 551 F.3d 587, 590 (7th Cir. 2008) ("A company's principal place of business is where its 'nerve center' is located, or more concretely, where its executive headquarters are located.") However, while Plaintiff alleges that Defendant Synovis Orthopedic and Woundcare, Inc. ("Synovis") is incorporated in California, Plaintiff fails to allege Synovis's principal place of business. As such, Plaintiff has failed to sufficiently plead Synovis's citizenship. Complete diversity, and by extension federal subject matter jurisdiction in diversity, cannot be established when Plaintiff fails to properly allege the citizenship of a named party.

Accordingly, it is hereby **ORDERED** that Plaintiff Carl L. Simmons shall file an amended complaint that corrects the defects in his pleading of the Court's subject matter jurisdiction in diversity. Plaintiff must plead the citizenship of every named defendant–specifically, Plaintiff must allege both the state of incorporation and the state of principal place of business of every named corporate defendant. Plaintiff's amended complaint shall be filed not later than **May 27, 2011**.

**IT IS SO ORDERED.**

DATED: May 17, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge