IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL L. SIMMONS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-407-GPM |
| | ) |
| PEGASUS BIOLOGICS, INC., | ) |
| | ) |
|        Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff filed this products liability case on May 13, 2011 pursuant to 28 U.S.C. § 1332 seeking damages for injuries allegedly sustained due to an "orthoadapt bioimplant" manufactured by Defendant (Doc. 2). On May 17, 2011, the Court ordered Plaintiff to amend his complaint in order to properly alleged federal subject matter jurisdiction under § 1332, and Plaintiff complied that day (Docs. 3, 4). Plaintiff originally filed against two defendants, Pegasus Biologics Inc.("Pegasus"), and Synovis Orthopedic and Woundcare, Inc. ("Synovis"), claiming that Synovis was the successor in interest to Pegasus (Doc. 4). On August 8, 2011, counsel for Synovis entered their appearance and filed a motion to dismiss–to which Plaintiff consented on September 7, 2011 (Docs. 7, 11). Two months later, and 186 days after the complaint was filed, the Court entered a Notice of Impending Dismissal for failure to effect service against the remaining Defendant, Pegasus (Doc. 14). That Notice stated that Pegasus would be dismissed for want of prosecution unless service was effectuated within twenty days, by December 5, 2011. The Court's deadline passed with no movement from Plaintiff. On January 10, 2012, more than a month after the deadline–still with

no word from Plaintiff or service on Defendant–the Court dismissed the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Now before the Court is Plaintiff's January 26, 2012 motion to vacate that dismissal and reinstate the case pursuant to Rule 60(b) (Doc. 16).  As an attachment, Plaintiff's counsel avers that he did not see electronic notice of the Court's Notice of Impending Dismissal until he looked back through previously received notices when the Court dismissed the case (Doc. 16-1).  Plaintiff argues that failure to respond to the Court's Notice of Impending Dismissal and failure to correct deficient service was inadvertent oversight and mistake.

Rule 60(b) permits the Court to relieve a party from a final order, and subsection (b)(1)–to which Plaintiff alludes without citation, but which forms the only plausible basis for relief–provides grounds for relief due to "mistake, inadvertence, surprise, or excusable neglect."  FED.R.CIV.P. 60(b)(1); *see also Wesco Products Co. v. Alloy Automotive Co.,* 880 F.2d 981, 983 (7th Cir. 1989) (noting that the 'catchall' provision of Rule 60(b)(6) is unavailable if the grounds for relief are properly considered under 60(b)(1), (2), or (3), as "[i]nherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause are mutually exclusive.").

"[R]elief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances."  *Eskridge v. Cook Cnty,* 577 F.3d 806, 809 (7th Cir. 2009). "Attorney carelessness *can* constitute excusable neglect under Rule 60(b)(1)." *Castro v. Board of Education of the City of Chicago,* 214 F.3d 932, 934 (7th Cir. 2000) (emphasis in original) (internal quotations omitted).  However, "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Easley v. Kirmsee,* 382 F.3d 693, 698 (7th Cir. 2004); *see also McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir.

2000) ("[N]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") Here, by counsel's own account, failure to timely serve the Defendant and failure to take into account the Court's Notice of Impending Dismissal were due to ignorance and carelessness.  The Court's work to manage its docket cannot suffer rank inattention to litigation by the parties.  *See Easley,* 382 F.3d at 698 ("Indeed, a trial court has an obligation to control and manage its own docket,"); *Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir. 1998) ("District courts inherently possess the authority to dismiss a case sua sponte for want of prosecution.  Such a dismissal is one of the tools available to district courts to achieve the orderly and expeditious disposition of cases." (internal citations and quotations omitted)).  Relief under Rule 60(b) is not warranted here.  Plaintiff's motion is therefore **DENIED**.

    **IT IS SO ORDERED.**

    DATED: March 1, 2012

                                            s/ *G. Patrick Murphy*
                                            G. PATRICK MURPHY
                                            United States District Judge